**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5686-14T4

FERNANDO A. PORTES,

    Plaintiff-Appellant,

v.

HERBERT TAN and HERBERT TAN LLC,

    Defendants,

and

WILLIAM MICHELSON,

    Defendant-Respondent.

_____

        Argued November 2, 2016 — Decided June 12, 2017

        Before Judges Fuentes, Carroll and Gooden Brown.

        On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4116-14.

        Fernando A. Portes, appellant, argued the cause pro se.

        Paul L. Croce argued the cause for respondent (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Robert B. Hille, of counsel and on the brief; Mr. Croce, on the brief).

PER CURIAM

Plaintiff Fernando Portes appeals from an order of the Law Division dismissing his legal malpractice complaint for failure to comply with the requirements of the Affidavit of Merit Act (AOMA), N.J.S.A. 2A:53A-26 to -29. We affirm.

On September 10, 2014, plaintiff filed a pro se civil action against attorney William Michelson, alleging professional malpractice. Plaintiff originally hired Michelson to submit an expert report in support of his legal malpractice action against the attorneys who represented him in an employment discrimination case against Johnson & Johnson. The latter case was presented to a jury, which returned a no-cause verdict in favor of Johnson & Johnson. The Law Division dismissed plaintiff's legal malpractice action against his trial attorneys, following its rejection of Michelson's expert report as a net opinion.

Here, after joinder of issue, Michelson moved to dismiss plaintiff's legal malpractice action, based on plaintiff's failure to file a timely affidavit of merit, as required by N.J.S.A. 2A:53A-27. Plaintiff opposed the motion and cross-moved to amend his complaint to add a count for breach of contract. The parties appeared for oral argument before Judge Barry P. Sarkisian on May 8, 2015. After considering the parties' presentations, Judge Sarkisian dismissed plaintiff's complaint for failure to comply

with the AOMA and denied plaintiff's cross-motion to amend his complaint. Judge Sarkisian made the following findings in support of his decision:

> I do find that when you look at the essence of the complaint that you've made against Mr. Michelson, ultimately it goes to his profession as an attorney in his ability to issue a qualified opinion as an attorney, which at that time was an opinion against the actions or lack of actions taken by [the attorneys who tried the Johnson & Johnson case]. So, . . . the essence of that claim[] is a claim for professional malpractice, which requires an affidavit of merit, which you have not filed in the time perimeters permitted by the [Supreme] Court.
>
> . . . .
>
> [T]his complaint is . . . pro se by . . . Mr. Portes[.] . . . It's approximately 34 pages, [and] mostly goes to allegations of malpractice against [the attorneys who tried the Johnson & Johnson case][.] . . . [On] almost the last page of the complaint against Mr. Michelson, . . . [plaintiff] says[:] "Defendant, Michelson, breached his contract with plaintiff to provide an expert report to allow the claims against [the attorneys who tried the Johnson & Johnson case][.] . . . [W]hile [Michelson] concluded that [these lawyers] had committed legal malpractice, [he] provided a useless 'net opinion' expert report to plaintiff, which plaintiff could not use in court, and hence prevent[ed] plaintiff from pursuing legal malpractice, breach of contract, and conspiracy claims against [these lawyers]. Either Michelson should not have issued this report, and hence, would have allowed plaintiff to find an expert [who would] have issued a report without a net opinion, or if he issued his report and

concluded that [these lawyers] had committed malpractice, as he did, he must have properly sustained such report and facts on the 12 positions plaintiff provided he was the most qualified [sic], which plaintiff has provided to him."

. . . .

[A]s you're framing your complaint, . . . that's malpractice.

Plaintiff thereafter filed a motion for reconsideration pursuant to Rule 4:49-2. Judge Sarkisian denied plaintiff's motion for reconsideration, explaining his reasons in a letter-opinion released to the parties on June 17, 2015. In his letter-opinion, Judge Sarkisian comprehensively reviewed plaintiff's litigation history and the factual predicates underlying his current action against Michelson. Applying the standard governing a motion for reconsideration as explained in Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div.) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)), certif. denied, 174 N.J. 544 (2002), Judge Sarkisian did not find any grounds to alter his May 8, 2015 final determination.

In this appeal, plaintiff argues the motion judge erred in dismissing his complaint against Michelson based on the AOMA. Despite this, plaintiff devotes a great deal of his appellate brief attacking the merits of Michelson's deficient expert report. Plaintiff urges this court to reverse Judge Sarkisian's denial of

4

his motion to amend his complaint and to permit this matter to proceed as a breach of contract case.

We review the grant of a motion for summary judgment using the same standard used by the motion judge. <u>Globe Motor Co. v. Igdalev</u>, 225 <u>N.J.</u> 469, 479 (2016) (citation omitted). We consider the facts in the light most favorable to the nonmoving party, and we give that party the benefit of all inferences that can rationally be drawn from such facts. <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 <u>N.J.</u> 520, 535—36, 540 (1995) (citations omitted). This standard compels the grant of summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." <u>R.</u> 4:46-2(c). Finally, because summary judgment concerns only legal questions, our review is de novo. <u>See</u> <u>Flinn v. Amboy Nat. Bank</u>, 436 <u>N.J. Super.</u> 274, 287 (App. Div. 2014).

Applying this standard, we are satisfied that Judge Sarkisian properly dismissed plaintiff's complaint as a matter of law. There is no question that plaintiff's cause of action against Michelson is predicated on the tort of legal malpractice. Although plaintiff entered into a contract with Michelson, the essence of that contract required Michelson to provide his legal opinion

concerning the performance of other lawyers. To prevail in his cause of action, plaintiff must prove Michelson deviated from the standard of professional competence expected from an attorney under these circumstances. This requires an affidavit of merit. We discern no legal basis to disagree with the reasons expressed by Judge Sarkisian.

Lawyers are among the class of professionals expressly covered by the AOMA. N.J.S.A. 2A:53A-26c. The Legislature adopted the AOMA "to weed out frivolous claims against licensed professionals early in the litigation process." Meehan v. Antonellis, 226 N.J. 216, 228 (2016) (citing Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146 (2003)). To establish legal malpractice, a plaintiff must show: "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff." McGrogan v. Till, 167 N.J. 414, 425 (2001) (citing Conklin v. Hannock Weisman, 145 N.J. 395, 416 (1996)). Plaintiff's failure to serve Michelson with a timely and proper affidavit of merit renders the cause of action legally deficient because "[t]he submission of an appropriate affidavit of merit is considered an element of the claim." Meehan, supra, 226 N.J. at 228.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5686-14T4